UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                **MEMORANDUM OF LAW & ORDER**
                                  Criminal File No. 21-15 (MJD/TNL)

(1) TERRELL DAYVONTE DESHAY ARON,

       Defendant.

Jeffrey S. Paulsen, Assistant United States Attorney, Counsel for Plaintiff.

James M. Ventura, Attorney at Law, Counsel for Defendant.

This matter is before the Court on Defendant Terrell Dayvonte Deshay Aron's Pro Se Motion to Fire Attorney Due to Misrepresentation and Motion to Request a New Court Appointed Attorney. [Docket No. 37] In his motion, Defendant claims that defense counsel misinformed him of whether "promises made by the government should be included in the plea agreement or not."

Defendant mailed the motion to the Court by envelope postmarked May 25, 2021. [Docket No. 37-1] The motion was received by the Clerk's Office on May 27, 2021, and filed on June 2, 2021. [Docket No. 37] On May 26, 2021,

Defendant met with his defense counsel via Zoom regarding Defendant's concerns about defense counsel. [Docket No. 38] After a long Zoom meeting, Defendant informed counsel that he did not want to have new counsel appointed, would withdraw his motion, and wanted to proceed with the change of plea hearing. [Id.]

On May 27, 2021 at 1:22 p.m., before the Court was aware of the motion, Defendant appeared before the Court via video conference for a change of plea hearing. During that hearing, under oath, Defendant testified, among other things, that he had gone over the Plea Agreement with his attorney line by line; his attorney had answered his questions; Defendant had understood the answers to his questions; Defendant was clearheaded and understood what was occurring; there were no threats made to get him to enter a plea of guilty; there were no promises made to him other than what was in the Plea Agreement; Defendant had had enough time to talk to his attorney about the case and, in fact had "a lot of time to talk to him;" Defendant was satisfied with counsel's representation of him; Defendant had a full understanding of his constitutional rights; Defendant had no questions of the Court, of the Government, or of

defense counsel; and Defendant knowingly, voluntarily, and intelligently gave up his constitutional rights to enter a plea of guilty.

Based on Defendant's sworn testimony, the Court concludes that there is no basis for appointment of new counsel. Defendant has resolved his prior dissatisfaction with counsel, and his motion is now moot.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

> Defendant Terrell Dayvonte Deshay Aron's Pro Se Motion to Fire Attorney Due to Misrepresentation and Motion to Request a New Court Appointed Attorney [Docket No. 37] is **DENIED**.

Dated:   June 8, 2021                    s/Michael J. Davis
                                         Michael J. Davis
                                         United States District Court