UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,                         **MEMORANDUM OF LAW & ORDER**
                                          Crim. No. 21-cr-15 (MJD/TNL)

v.

Terrell Dayvonte Deshay Aron,

    Defendant.

---

This matter is before the Court on Defendant Terrell Dayvonte Deshay Aron's May 10, 2022 letter claiming the Bureau of Prisons incorrectly calculated the date for Defendant to be released from BOP custody. (Doc. 58.) Because Defendant is incorrect and the BOP has properly calculated Defendant's release date, the Court will deny Defendant's request.

## BACKGROUND

On July 16, 2015, Defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(e)(1). See United States of America v. Terrell Dayvonte Deshay Aron, Case No. 15-cr-1(1) (MJD/TNL) (D. Minn., filed Jan. 6, 2015). On November 3, 2015, the Court sentenced Defendant

1

to a term of 87 months in custody with the BOP for this offense, along with 3 years of supervised release. (Id. at doc. 65.)

On or about November 9, 2020, Defendant escaped from custody at a Volunteers of America Residential Reentry Center in Minneapolis Minnesota. On January 6, 2021, Minneapolis police officers arrested Defendant.

On January 21, 2021, an Indictment was filed against Defendant charging him with one count of escaping from federal custody in violation of 18 U.S.C. § 751(a). (Doc. 1.) On May 27, 2021, Defendant pled guilty to the one-count Indictment. (Doc. Nos. 35–36.) On December 8, 2021, the Court sentenced Defendant for his escape offense to an additional term of 27 months in custody and 3 years of supervised release. (Doc. 54.)

The Judgment and Decree specified that the Court's sentence would run concurrent to any sentence that may be imposed in Hennepin County District Court, Docket No. CR-21-741. (Doc. 54.) The Judgment and Decree did not specify that Defendant's new sentence would run concurrent to any other prior sentences, including Defendant's 2015 federal conviction for being a felon in possession of a firearm. According to the Presentence Investigation Report provided to Defendant prior to his sentencing in this case, Defendant's sentence

for this prior federal conviction expired on June 8, 2021. (Doc. 46.) Thus, the BOP credited Defendant with 182 days toward his new escape conviction for his time in custody from June 9, 2021 to December 8, 2021 when calculating his release date in this case but did not credit him for time spent completing his prior sentence on or before June 8, 2021.

In his May 10, 2022 letter, Defendant claims the BOP has incorrectly calculated his release date. (Doc. 58.) Defendant argues the BOP should have credited the entire period he was in custody from January 6, 2021 until his December 8, 2021 sentencing to the escape sentence he is currently serving. (Id.) Defendant claims the 182-day period the BOP has credited toward his escape conviction for his time in custody prior to sentencing is incorrect, resulting in an incorrect release date. (Id.)

## DISCUSSION

The Court will construe Defendant's letter as a motion seeking to correct the date the BOP has calculated for Defendant's release from custody for his offense in the above-captioned case (escape).

The BOP starts a sentence computation on the date of sentencing or the date of surrender. 18 U.S.C. § 3585(a). The BOP then determines any credit the

Defendant is due for time spent in custody prior to sentencing. 18 U.S.C. § 3585(b). Importantly, however, the BOP only applies prior custody credit if it has not already credited that time to another federal sentence. Id. ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."). This manner of applying prior custody credit is consistent with United States Sentencing Guideline § 5G1.3(a) ("if the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) . . . the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment") (emphasis added).

The BOP properly credited Defendant for his time spent in custody prior to sentencing for his escape charge by following the requirements described above. The BOP calculated Defendant's release date by crediting his time spent in custody from January 6, 2021 to June 8, 2021 to complete his prior sentence for being a felon in possession of a firearm and then crediting the remaining 182 days from June 9, 2021 to December 8, 2021 to Defendant's escape sentence in this case. Accordingly, the BOP did not err in calculating Defendant's release date.

## CONCLUSION

Based upon the files, records, and proceedings herein, **IT IS HEREBY**

**ORDERED:**

Defendant's Motion seeking to correct the date for his release from federal custody in the above-captioned matter (Doc. 58) is **DENIED**.

Date:  July 12, 2022                    s/Michael J. Davis
                                                                Michael J. Davis
                                                                United States District Court